Of Counsel:

BAYS LUNG ROSE & VOSS

BRUCE D. VOSS 6532-0
Attorney at Law
A Law Corporation
MATTHEW C. SHANNON 9043-0
Attorney at Law
A Law Corporation
JAI W. KEEP-BARNES 10787-0
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
Telephone: (808) 523-9000
Facsimile: (808) 533-4184
Email: bvoss@legalhawaii.com
mshannon@legalhawaii.com
jkeep-barnes@legalhawaii.com

Attorneys for Defendants
ISLAND PALM COMMUNITIES, LLC
AND HICKAM COMMUNITIES, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL CASEY, PAYTON LAMB, and JAMIE WILLIAMS, on behalf of themselves and all similarly situated,<br><br>Plaintiffs,<br><br>vs. | CIVIL NO. ____________________<br><br>DEFENDANTS ISLAND PALM COMMUNITIES, LLC AND HICKAM COMMUNITIES, LLC'S NOTICE OF REMOVAL;<br><br>*(caption continued on next page)* |

| | | |
|---|---|---|
| OHANA MILITARY COMMUNITIES, LLC; HUNT MH PROPERTY MANAGEMENT, LLC; ISLAND PALM COMMUNITIES, LLC; HICKAM COMMUNITIES, LLC; and DOE Defendants 1-10,<br><br>Defendants. | ) | DECLARATION OF PHILLIP CARPENTER; EXHIBITS A-B; CERTIFICATE OF SERVICE |

DEFENDANTS ISLAND PALM COMMUNITIES, LLC AND HICKAM COMMUNITIES, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1442, 1446, and 1453 Defendants Island Palm Communities, LLC ("IPC") and Hickam Communities, LLC ("Hickam") (IPC and Hickam shall be referred to collectively herein as, the "Defendants"), by and through their attorneys, Bays Lung Rose & Voss, hereby provide notice of the removal of the above-captioned state court action, 1CCV-21-0001618, from the Circuit Court of the First Circuit, State of Hawaii to the United States District Court for the District of Hawaii. As a class action, removal is warranted pursuant to 28 U.S.C. § 1453(b) and this Court's original jurisdiction is established pursuant to 28 U.S.C. §§ 1332 and 1442.

I. PROCEDURAL HISTORY

On December 31, 2021, Plaintiffs Michael Casey, Payton Lamb, and Jamie Williams, on behalf of themselves and all similarly situated (collectively,

"Plaintiffs"), initiated an action in State Court by filing the above-captioned Class Action Complaint ("Complaint") in the Circuit Court of the First Circuit, State of Hawaii, Civil No. 1CCV-21-0001618 (the "Class Action"). The Complaint alleges the following counts: (1) Breach of Contract; (2) Breach of Implied Warranty of Habitability; (3) Violation of Hawaii Revised Statute Chapter 521 – Landlord Tenant Code; (4) Unfair & Deceptive Trade Practices/Unfair Methods of Competition; (5) Nuisance; and (6) Wrongful Eviction.

With the Complaint, Plaintiffs also included a Summons and a Demand for Jury Trial. See Exhibit A. Plaintiffs served the Defendants with their Complaint on January 3, 2022. See Exhibit B. Therefore, this Notice of Removal, filed on January 24, 2022, is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b).

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached hereto as Exhibits A and B.

## II. NOTICE TO ADVERSE PARTIES AND STATE COURT

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice shall be promptly served on Plaintiffs' counsel of record and will be filed with the Circuit Court of the First Circuit, State of Hawaii.

III. JURISDICTION AND VENUE

As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1453(b) because the Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d) and 1442.

Venue lies in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

IV. GROUNDS FOR REMOVAL

As declared by the Ninth Circuit Court of Appeals:

> To invoke a federal court's subject-matter jurisdiction, a plaintiff need to provide only "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The plaintiff must allege facts, not mere conclusions, in compliance with the pleading standards established by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1995, 167 L. Ed. 2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). See Harris v. Rand, 682 F.3d 846, 850-51 (9th Cir. 2012). Assuming compliance with those standards, the plaintiff's factual allegations will ordinarily be accepted as true unless challenged by the defendant. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1363, at 107 (3d ed. 2004).

Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. April 25, 2014).

A. Removal Is Warranted Pursuant To 28 U.S.C. § 1453(b)

This is a civil class action which Defendants may remove to this Court pursuant to Class Action Fairness Act ("CAFA"). Pursuant to 28 U.S.C. § 1453 – Removal of Class Actions:

> (b) In General.  A class action may be removed to a district court of the United States in accordance with section 1446 (Except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen for the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

In considering 28 U.S.C. § 1453(b), the United States Supreme Court affirmed that the "CAFA also includes a removal provision specific to class actions." Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746-47 (2019).

Accordingly, removal of this class action is warranted pursuant to 28 U.S.C. § 1453(b).

B. This Court Has Original Jurisdiction Pursuant to 28 U.S.C. § 1332

This Court has original jurisdiction over this Class Action pursuant to 28 U.S.C. §§ 1332(d)(2), 1332(d)(2)(A), and 1332(d)(5).  More specifically, this Court has original jurisdiction over this Class Action because: (1) the amount in controversy more than likely exceeds the sum or value of $5 million, exclusive of interest and costs; (2) a member of the class of plaintiffs is a citizen of a state different from at least one of the Defendants; (3) the number of all proposed plaintiff class members in the aggregate is more than 100; and (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.  As the foregoing pre-requisites are met, any party that seeks remand "bears the burden to prove an

exception to CAFA's jurisdiction." See Serrano v. 180 Connect, Inc. 478 F.3d 1018, 1021-22 (9th Cir. Feb. 22, 2007).

    1.    The amount in controversy more than likely exceeds the sum or value of $5 million

First, it is more likely than not that amount in controversy in this Class Action exceeds the sum or value of $5 million. To determine whether the amount in controversy threshold has been met, the claims of the individual class members are aggregated, exclusive of interest and costs but inclusive of punitive damages and attorneys' fees under a fee-shifting statute or contract. See e.g. Fritsch v. Swift Transp. Co. of Ariz., LLC 899 F.3d 785, 793 (9th Cir. Aug. 8, 2018); see also 28 U.S.C. § 1332(d)(6). Where the complaint fails to plead a specific amount of damages, the defendant(s) seeking removal "must demonstrate by a preponderance of the evidence that the amount in controversy is satisfied." See Decosta v. Headway Workforce Sols., 2020 U.S. Dist. LEXIS 64905, * 6 (D. Haw. April 10, 2020). "This 'burden is not daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" See Apuakehau v. Mut. Of Omaha Ins. Co., 2021 U.S. Dist. LEXIS 95941, * 4 (D. Haw. July 11, 2012) (quoting Miyasato v. Hyatt Corp., 2012 U.S. Dist. LEXIS 33345, * 9 (D. Haw. Feb. 16, 2012)). Further, Defendants are not required to submit evidence in order to establish that the amount in controversy

requirement has been met.  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 84 (2014).

Here, it is more likely than not that the amount placed in controversy by the Complaint exceeds the jurisdictional minimum.  As alleged in their Complaint, Plaintiffs seek general, special, consequential, treble, and punitive damages for, among other claims, damage to property, overpayment for rent and services, and loss of use and enjoyment in their homes and community,  See Exhibit A, ¶¶ 34, 43, 52, 58, 59, 64, 68 and pp. 14-15.  In addition, Plaintiffs are requesting their reasonable attorneys' fees, presumably under Hawaii Revised Statutes § 607-14 and Hawaii Revised Statutes § 480-2.  See id. at p. 14.  As alleged by Plaintiffs, more than 2000 "tenants" are seeking the foregoing damages.  See id. ¶ 24.

A proposed class consisting of (at a minimum) 2,000 "tenants" means that each individual class member would only need a claim for $2,500 in order to the meet the $5 million amount in controversy threshold.  Accordingly, the broad scope of damages as claimed in the Complaint, which includes treble and punitive damages, as well as Plaintiffs' claim for attorneys' fees, multiplied by the number of each potential member of the proposed class, establishes that it is more likely than not that the $5 million threshold set forth in 28 U.S.C. § 1332(d)(2) has been met.

2. Minimal diversity is satisfied

In order to meet the minimal diversity requirements of 28 U.S.C. § 1332(d)(2), the party seeking removal must establish that any member of a class of plaintiffs is a citizen of a state different from any defendant. "For purposes of [28 U.S.C. § 1332] and section 1441 of this title – (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." See 28 U.S.C. § 1332(c)(1). In this case, minimal diversity is readily established.

As alleged in the Complaint, the proposed class consists of "tenants who have leased residential housing within the City and County of Honolulu from Defendants . . ." See Exhibit A, ¶ 5. Although the Complaint fails to assert the citizenship of the proposed class members, minimal diversity is established by the fact that Defendants are **not** citizens of the State of Hawaii. In other words, if one were to assume that at least **one** of the "tenants" was a citizen of the State of Hawaii, minimal diversity is satisfied as both of the Defendants are: (1) incorporated in the State of Delaware; and (2) have their principal place of business in Nashville, Tennessee. See generally Declaration of Philip Carpenter.

3. The proposed class consists of more than 100 members

As alleged in the Complaint, "The class is so numerous that joinder of all members is impracticable, as required by HRCP Rule 23(a)(1). Upon

information and belief, more than **2000** tenants have been forcibly evicted by Defendants." See Exhibit A, ¶ 24 (emphasis added). Based upon Plaintiffs' express allegations, the number of members of all proposed plaintiff classes in the aggregate is greater than 100. Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

4. None of primary defendants are states, state officials, or other governmental entities

Finally, none of the named defendants in this action are states, state officials, or other governmental entities whom the district court may be foreclosed from ordering relief. Accordingly, 28 U.S.C. § 1332(d)(5)(A) is satisfied.

C. This Court Has Original Jurisdiction Pursuant To 28 U.S.C. § 1442(a)(1)

In addition to this Court having original jurisdiction pursuant to 28 U.S.C. § 1332(d), this Court also has original jurisdiction pursuant to 28 U.S.C. § 1442 (the "Federal Officer Removal Statute"). More specifically, the Federal Officer Removal Statute allows for removal of an action against "any officer (or any person acting under that officer) of the Unites States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . ." See 28 U.S.C. § 1442(a)(1). As affirmed by the Ninth Circuit Court of Appeals:

> To invoke § 1442(a)(1) removal, a defendant in a state court action "must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant

> to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'"

See Fidelitad, Inc. v. Insitu, Inc., 904 F.3d 1095, 1109 (9th Cir. Sept. 25, 2018) (quoting Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. April 26, 2006)). In this case, each of the foregoing elements are met, and therefore, this Court has original jurisdiction over the Class Action pursuant to 28 U.S.C. § 1442(a)(1).

1. Defendants are both a "person" within the meaning of the statute

The Complaint alleges that both Defendant IPC and Defendant Hickam are corporations. See Exhibit A, at p. 3, ¶¶ 7(c) and 7(d). Both the Ninth Circuit Court of Appeals, as well as courts within the Ninth Circuit, have affirmed that corporations qualify as "persons" under 28 U.S.C. § 1442. See e.g. Leite v. Crane Co., 749 F.3d 1117, 1122, n. 4 (9th Cir. April 25, 2014); see also Arness v. Boeing North Am., 997 F. Supp. 1268, 1272 (C. D. Cal. Jan. 26, 1998) (acknowledging that "recent decisions from courts within the Ninth Circuit (Fung, Overly, and Blackman) have found "person" to include defendant corporations[,]" and that "[b]ased on the Court's reading of the authority supporting corporations as 'persons' and the reasoning behind them," finding that the defendant corporation was a "person" under 28 U.S.C. § 1442(a)(1)). Accordingly, the first element of the Federal Officer Removal statute is satisfied.

      2. There is a casual nexus between the Defendants' actions, taken pursuant to a federal officer's directions, and Plaintiffs' claims

In this case, the casual nexus requirement under the Federal Officer Removal statute is met because the government exerted some subjection, guidance, or control over Defendants' actions and because Defendants engage in "an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior." See Watson v. Philip Morris Cos., 551 U.S. 142, 151-52 (2007). The United States Supreme Court has emphasized that, "The words 'acting under' [in the Federal Officer Removal statute] are broad, and this Court has made clear that the statute must be 'liberally construed.'" See id. at p. 147. To meet this requirement, a defendant's conduct need only "relat[e] to any act under color" of a federal office. See 28 U.S.C. § 1442(a)(1). The Ninth Circuit Court of Appeals has affirmed that, "[T]he hurdle erected by [the causal-connection] requirement is quite low[,]" and has further described this prong as having a "low bar." See Goncalves v. Rady Children's Hosp. San Diego, 865 F.3d 1237, 1245 (9th Cir. Aug. 2, 2017) (alterations in original and internal quote omitted)[1].

[1] As further acknowledged by the Ninth Circuit Court of Appeals:

> But in 2011, Congress passed the Removal Clarification Act to amend § 1442 because Congress felt that the courts were construing the statute too narrowly. Pub. L. No. 112-51, 125 Stat. 545; see H. R. Rep. No. 112-17(I) (2011); In re Commonwealth's Motion, 790 F.3d at 467 (noting that the amendments "intended to broaden the universe of acts that enable Federal

In this case, Plaintiffs' Complaint explicitly alleges the following:

- "Defendant Landlords[, which include the Defendants,] manage and lease residential housing within communities located within the City and County of Honolulu **under agreements with the United States Department of the Navy** ("Navy")." See Exhibit A, at p. 4, ¶ 11 (emphasis added).
- "The services provided by Defendant Landlords include the provision of potable water through the Joint Base Pearl Harbor-Hickam Water System, **which is maintained by United States Navy**." See id. at p. 4, ¶ 13 (emphasis added).
- Plaintiffs' Complaint further alleges that there have been "leaks of petroleum fuel **from the United States Department of the Navy's Red Hill Bulk Fuel Storage Facility** ("Red Hill")" (see id. at p. 5, ¶ 16 (emphasis added)), and that as a result of these alleged leaks, they have been injured. See generally id.

---

officers to remove to Federal Court" (citation omitted)). Congress expanded the language to allow removal of a "civil action . . . that is against *or directed to*" a federal officer "for *or related to* any act under color of [federal] office," 28 U.S.C. § 1442(a) (emphasis added) – removing altogether the requirement that the officer be "sued."

See Goncalves, 865 F.3d at 1250 (9th Cir. 2017) (ellipsis and emphasis in original).

Stated differently, Plaintiffs' Complaint alleges that to the extent they were injured, it was the result of "leaks of petroleum fuel from the United States Department of the Navy's Red Hill" fuel storage facility into the water system "maintained by United States Navy." Indeed, as recognized by Plaintiffs' attorney, Plaintiffs filed a case against the Defendants and, according to Plaintiffs, "In turn, they **have** to bring in the Navy[.]" See Michelle Broder Van Dyke, Class-action Lawsuit filed by residents against Navy for water contamination, Spectrum News (Jan. 3, 2022, 10:36 PM), https://spectrumlocalnews.com/hi/hawaii/environment/2022/01/03/class-action-lawsuit-filed-by-residents-against-navy-for-water-contamination-?cid=app_share (quoting lead Class Counsel Michael Green, Esq.) (emphasis added).

Based on the allegations of the Complaint, there is no dispute that the Navy exercises complete control over Red Hill and the water from the Joint Base Pearly Harbor-Hickam Water system. Because Plaintiffs' Complaint arises entirely over allegations that a leak from Red Hill contaminated the Joint Base Pearl Harbor-Hickam Water system, to the extent Defendants are even implicated by Plaintiffs' claims, it can only be in Defendants' capacity as an officer or agent of the United States Navy. This is because the Navy exercised complete control over the quality of the water, the information shared with Defendants regarding the water, and Defendants' ability to provide the water that Plaintiffs now complain of.

Simply put, to the extent that Plaintiffs are alleging that Defendants supplied, and are therefore responsible for, the Navy's water, Defendants were necessarily only acting in their capacity as an officer or agent of the Navy. Accordingly, the second element of the Federal Officer Removal statute is satisfied.

3. Defendants have a colorable federal defense

In order to satisfy the final element of the Federal Officer Removal statute, Defendants is not required to prove that it will prevail on a federal defense, or even that it is meritorious, rather, Defendants are only required to demonstrate that it is colorable. See Mesa v. California, 489 U.S. 121, 129 (1989). As this Court has affirmed:

> The Supreme Court has stated that:
>
>> In construing the colorable federal defense requirement, we have rejected a "narrow, grudging interpretation" of the statute, recognizing that "**one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court.**" [Willingham v. Morgan,] 395 U.S. [402,] 407, 89 s. Ct. 1813, 23 L. Ed. 2d 396 [(1969)]. We therefore **do not require the officer virtually to "win his case before he can have it removed.**" Ibid.
>
> Jefferson Cnty., Ala. v. Acker, 527 U.S. 423, 431, 119 S. Ct. 2069, 144 L. Ed. 2d 408 (1999) (emphasis added). The Supreme Court has also noted, in the context of § 1442(a)(1) removal of a criminal prosecution that:
>
>> No question of guilt or innocence arises and **no determination of fact is required** but it must fairly

> appear from the showing made that petitioner's claim is **not without foundation and is made in good faith**.
>
> . . .

> Colorado v. Symes, 286 U.S. 510, 519, 52 S. Ct. 635, 76 L. Ed. 1253 (1932) (emphasis added) (some alterations in original); see also, e.g., Culver, 2010 U.S. Dist. LEXIS 125130, 2010 WL 5094698, at * 6 (recognizing that "[p]ursuant to the Durham policy favoring removal for federal officers, a defendant does not need to show a valid or likely successful federal defense, but merely a colorable one" (citing Durham, 445 F.3d at 1252)); Olschewske v. Asbestos Defendants (B-P), No. C 10-1729 PJH, 2010 U.S. Dist. LEXIS 91961, 2010 WL 3184317, at * (N.D. Cal. Aug. 11, 2010) (noting that a "colorable" defense "is not the same thing as establishing that a defense applies to bar asserted claims").

Thompson v. Crane Co., 2012 U.S. Dist. LEXIS 53755, *55-57 (D. Haw. April 17, 2012) (alterations in original, emphasis in original, ellipsis added). In this Class Action, Defendants have a colorable federal defense.

Based upon the allegations of the Complaint, Defendants have the colorable federal defense of derivative sovereign immunity. More specifically, "[G]overnment Contractors obtain certain immunity in connection with work which they do pursuant to their contractual undertakings with the United States." See Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 166 (2016) (alteration in original) (quoting Brady v. Roosevelt S. S. Co., 317 U.S. 575, 583 (1943)). In construing the federal government contractor defense under the colorable federal defense element of the Federal Officer Removal Statute, this Court affirmed the following, in relevant part:

> This Court, however, disagrees with Holdren's characterization of the government contractor defense as placing limitations on the general standards applicable to federal officer removal. The primary purpose of the federal officer removal statute is
>
> > To protect the Federal Government from the interference with its "operations" that would ensue were a State able, for example, to "arres[t]" and bring "to trial in a State court[t] for an alleged offense against the law of the State," "officers and agents" of the Federal Government "acting . . . within the scope of their authority."
>
> Watson, 551 U.S. at 150 (quoting Willingham, 395 U.S. at 406, 89 S. Ct. 1813) (alterations in Watson). . . . the United States Supreme Court recognized in Boyle that cases involving private contractors implicate the same uniquely federal interests as cases involving federal employees – "getting the Government's work done." 487 U.S. at 505 & n.1.

Thompson, 2012 U.S. Dist. LEXIS 53755, * 59-60. Stated succinctly, "If the federal government can't guarantee its agents access to a federal forum if they are sued or prosecuted, it may have difficulty finding anyone willing to act on its behalf." See Durham v. Lockheed Martin Corp.. 445 F.3d 1247, *1253 (9th Cir. April 26, 2006).

The Yearsley v. W. A. Ross Constr. Co. case is instructive. In Yearsley, the United States Supreme Court was considering a dispute that had arisen over the construction of dikes in the Missouri River that were built pursuant to a contract with the United States Government. See 309 U.S. 18, 19 (1940). As alleged by the petitioner, respondent had produced artificial erosion in order to

build the dikes and that as a result, part of petitioner's land had been washed away. See id. In affirming the Circuit Court of Appeal's reversal of the petitioner's judgment, the United States Supreme Court declared the following, in relevant part:

> [I]t is clear that if this authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress, there is no liability on the part of the contractor for executing its will. See Murray's Lessee v. Hoboken Land & Improvement Co., 18 How. 272, 283; Lamar v. Browne, 92 U.S. 187, 199; The Paguete Habana, 189 U.S. 453, 465. Where an agent or officer of the Government purporting to act on its behalf has been held to be liable for his conduct causing injury to another, the ground of liability has been found to be either that he exceeded his authority or that it was not validly conferred. Philadelphia Company v. Stimson, 223 U.S. 605, 619, 620. See United States v. Lee, 106 U.S. 196, 220, 221; Noble v. Union River Logging R. Co., 147 U.S. 165, 171, 172; Tindal v. Wesley, 167 U.S. 204, 222; Scranton v. Wheeler, 179 U.S. 141, 152; American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 108, 110.

See id. at 20-21.

In this Class Action, Plaintiffs' Complaint explicitly alleges that Defendants, among others, "manage and lease residential housing within communities located within the City and County of Honolulu under agreements with the United States Department of the Navy ("Navy")." See Exhibit A, at p. 4, ¶ 11. As established above, Plaintiffs generally complain that they suffered injuries from water that was under the care, custody, and control of the Navy. See e.g. Exhibit A, at p. 4, ¶ 13, p. 5, ¶¶ 16-17, and p. 6, ¶ 21. Plaintiffs' Complaint

further alleges that, "The services provided by Defendant Landlords include the provision of potable water through the Joint Base Pearl Harbor-Hickam Water System, which is maintained by United States Navy," See id. at p. 4, ¶ 13. As set forth in the Complaint, to the extent Plaintiffs are claiming that Defendants are responsible for the Navy's water, Plaintiffs' claims are being asserted against the Defendants in their capacity as a government contractor "under [their] agreements with the United States Department of the Navy" to provide the Navy's "potable water." At a minimum, this establishes that Defendants have the colorable federal defense of derivative sovereign immunity. Accordingly, the final element under the Federal Officer Removal Statute is satisfied and this Court has original jurisdiction over the Class Action pursuant to 28 U.S.C. § 1442.

## V. CONCLUSION

By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state and/or federal law. Defendants expressly reserve their right to move for dismissal of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or any other applicable rule.

WHEREFORE, Defendants respectfully remove this action from the Circuit Court of the First Circuit, State of Hawaii, as Civil No. 1CCV-21-0001618, to the United States District Court for the District of Hawaii.

DATED: Honolulu, Hawaii, January 24, 2022.

                                                */s/ Jai W. Keep-Barnes*
                                                BRUCE D. VOSS
                                                MATTHEW C. SHANNON
                                                JAI W. KEEP-BARNES

                                                Attorneys for Defendants
                                                ISLAND PALM COMMUNITIES, LLC AND HICKAM COMMUNITIES, LLC